

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
07/07/2015

| | | |
|---|---|---|
| IN RE: | § | |
| THE DISTRICT AT MCALLEN LP | § | CASE NO: 14-70661 |
|    Debtor(s) | § | |
| | § | CHAPTER 11 |

### MEMORANDUM OPINION AND ORDER ON INVOLUNTARY PETITION

On this day came on for consideration the Involuntary Petition filed by Dr. Ernesto Ramirez ("Dr. Ramirez"), a Petitioning Creditor and joined at trial by City Bank, also a Petitioning Creditor, against The District at McAllen, L.P. (the "Alleged Debtor"). The Court, having heard the evidence and arguments of counsel, finds that the Alleged Debtor has fewer than 12 creditors and therefore an order for relief should be entered.

The Bankruptcy Code provides a mechanism to allow creditors of a person, as that term is defined in the Code, to file an involuntary bankruptcy petition under either chapter 7 or 11, against that person. 11 U.S.C. §303(b). Code Section 303(b) states in relevant part:

> **(b)** An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—
> **(1)** by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount . . ., if such noncontingent, undisputed claims aggregate at least $15,325 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;
> **(2)** if there are fewer than 12 such holders, excluding any employee or insider of such person . . ., by one or more of such holders that hold in the aggregate at least $15,325 of such claims;

Once an involuntary petition is filed but before relief is entered or the petition dismissed, "a creditor holding an unsecured claim that is not contingent, other than a creditor filing under subsection (b) of [section 303], may join in the petition with the same effect as if such joining

creditor were a petitioning creditor under subsection (b) of [section 303]." 11 U.S.C. §303(c). Alleged Debtor's argument that Dr. Ramirez was not qualified to act as a petitioning creditor is moot because City Bank joined the involuntary petition before it was dismissed or relief entered. Here, the bankruptcy was filed on the eve of foreclosure and the Alleged Debtor was both insolvent and not paying its debts as they came due. Accordingly, if Alleged Debtor has fewer than 12 qualifying creditors and City Bank is a qualifying creditor, relief is appropriate.

If there are fewer than three (3) petitioning creditors that filed the involuntary petition and the involuntary debtor alleges that he or she has more than twelve creditors, then the debtor has the burden to raise this issue by filing a list pursuant to Fed. R. Bankr.P. 1013(b). *In re Colon*, 474 B.R. 330, 363 (Bankr. D.P.R. 2012). In this case, the Involuntary Petition was filed on December 2, 2014, by one creditor, Dr. Ramirez. The Alleged Debtor was served with summons on December 3, 2014. The Alleged Debtor's Response was filed December 23, 2014, and contained a general denial but no allegation regarding the number of creditors and no list of creditors. At the first hearing on the Involuntary Petition, held on December 29, 2014, Alleged Debtor's representative, Mr. Holt, appearing by phone, told counsel for Alleged Debtor, who then stated on the record, that the Alleged Debtor did not have 12 or more creditors. The Alleged Debtor filed an Amended Answer on February 6, 2015, which contained argument regarding the nature of Dr. Ramirez's claim, but no allegation regarding the number of creditors and no list of creditors. The Alleged Debtor filed a Second Amended Answer on April 13, 2015, in which, for the first time, it alleged more than 12 creditors existed and attached a creditor list.

The Alleged Debtor did not file a creditor list until 3 ½ months after service of summons. An answer to an involuntary petition is due within 21 days from service. Rule 1011(b), F.R.Bankr.Pro. Dr. Ramirez argues that the Alleged Debtor's delay in filing a list of creditors prevent a shift in the burden of proof to the petitioning creditors. *Colon, supra*. at 363-64, citing 2 COLLIER ON BANKRUPTCY ¶303.14[9] (Alan N. Resnick & Henry J. Sommer eds. 16th ed.). Even if the Alleged Debtor's Second Amended Answer was sufficient to shift the burden of proof regarding the number of creditors, Dr. Ramirez and City Bank met that burden as outlined below.

Alleged Debtor identified in its Second Amended Answer a total of twenty three persons that it asserts hold claims against it. However, counting to twelve under Code Section 303(b)(2) is about counting only claims that are—

a. Not contingent;
b. Not subject to a bona fide dispute as to liability,
c. Not subject to a bona fide dispute as to amount,
d. At least $15,325, and
e. Unsecured (or undersecured by more than $15,325).

Any claimant that fails to satisfy and one of these requirements is not included when counting to twelve. This is a straightforward textual reading of the Code, as the modifier "such holders" in §303(b)(2) clearly refers to the qualifications set forth in §303(b)(1). "[C]ertain creditors such as secured creditors, creditors with contingent claims, creditors with claims that have been disputed, claims of insiders . . . must be excluded." *In re Colon*, 474 B.R. 330, 362-63 (Bankr. D.P.R. 2012).

The number of petitioning creditors necessary to file an involuntary petition is determined by the number of eligible creditors that hold qualified claims against the involuntary debtor. *Id.*, citing William L. Norton, Jr., 2 *Norton Bankruptcy Law and Practice 3d* § 22:2. "The

3 / 6

basic requirement under section 303(b)(1) is that if the debtor has 12 or more eligible 'creditors' (holding claims that are not contingent as to liability and not subject to a bona fide dispute as to liability or amount and excluding from that calculation certain specifically enumerated holders), three or more petitioning creditors are needed. If the debtor has fewer than 12 creditors (holding claims that are not contingent as to liability and not subject to a bona fide dispute as to liability or amount and excluding from that calculation certain specifically enumerated holders), one petitioning entity, under appropriate circumstances, is expressly permitted by statute to commence an involuntary petition." 2 COLLIER ON BANKRUPTCY ¶ 303.14[1] (Alan N. Resnick & Henry J. Sommer eds.16th ed.).

In determining the number of eligible creditors in this case, the Court finds as follows:

*Ad valorem tax authorities do not count*. Fully secured claims such as those of the taxing authorities in this case cannot be counted towards the 12. This requirement of counting eliminates 5 names from the Alleged Debtor's list.

*Insiders do not count*. Bob Peaster, one of the names on the Alleged Debtor's list of creditors is an insider, as a members of his family and also as a limited partner in the Alleged Debtor.

*Persons that owe more than they are owed do not count*. Alleged Debtor's discovery responses state that three of the supposed creditors are tenants whose "claims" consist of lease security deposits held by the Alleged Debtor, but the Alleged Debtor has claims against each of them that exceed the amount of their respective lease deposits.

***Lease deposits are "contingent" so do not count***. Seven more claims are held by tenants that arise from lease security deposits. However, the Alleged Debtor's obligation to repay such deposit is contingent on the tenant satisfying their lease obligation. Therefore the claims are contingent and do not qualify for inclusion in the count.

***De minimus claims are included in the count.*** Dr. Ramirez argues that *de minimus* claims should not be included in the count. However, "[t]he better argument is that unless a debtor is manufacturing small, recurring claims in contemplation of an involuntary case (to increase the number of required petitioning entities), small, recurring claims should be included in the count. This argument is bolstered by the fact that section 303(b)(2) is very explicit in enumerating excluded creditors, and small, recurring creditors do not appear within that section. At this point, most of the code case law counts small and recurring claims" 2 COLLIER ON BANKRUPTCY ¶ 303.14[4] (Alan N. Resnick & Henry J. Sommer eds.16th ed.). Nevertheless, inclusion of the five *de minimus* claims does not bring the total over 12 creditors.

***City Bank should be included in the count and qualifies as a petitioning creditor.*** Petitioning creditor City Bank holds a claim for approximately $5,267,691.25 as of July 12, 2014, secured by the Alleged Debtor's real property. City Bank's expert testified the property was worth $3,690,000. Carlos Holt, a limited partner of Alleged Debtor testified the property was worth $6 million. The Court finds that the value is at least $15,325 more than City Bank's debt and therefore City Bank qualifies for inclusion in the count and as a petitioning creditor.

## CONCLUSION

The Court finds that Alleged Debtor has fewer than 12 creditors and therefore City Bank, a qualified creditor, may act as the sole petitioning creditor.

It is therefore **ORDERED** that an Order for Relief shall be entered in this case.

SIGNED 07/06/2015.

_____
Richard S. Schmidt
United States Bankruptcy Judge